# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOSHUA G. LILLY,**
**Claimant Below, Petitioner**

**vs.)  No. 13-1124** (BOR Appeal No. 2048327)
(Claim No. 2010120555)

**ALPHA ENGINEERING SERVICES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joshua G. Lilly, by Reginald D. Henry and Rodney A. Skeens, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alpha Engineering Services, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 7, 2013, in which the Board reversed an April 10, 2013, Order of the Workers' Compensation Office of Judges and reinstated the claims administrator's May 23, 2011, decision granting Mr. Lilly a 4% permanent partial disability award for his right knee. In its Order, the Office of Judges granted Mr. Lilly an additional 8% permanent partial disability award for his lumbar spine for a total award of 12%. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based on a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement for Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Lilly worked for Alpha Engineering Services, Inc. On January 14, 2010, Mr. Lilly was involved in a head on vehicle collision which resulted in multiple injuries including to his lower back and right knee. Following the accident, an MRI was taken of Mr. Lilly's right knee which showed a delicate tear of the medial meniscus. The claims administrator held the claim compensable for several conditions, including a sprain of the lumbar region and a tear of the

1

lateral cartilage or meniscus of the knee. The claims administrator also authorized a reconstruction of the anterior cruciate ligament and arthroscopic debridement of the medial meniscus of the right knee. After the surgery, Joseph E. Grady, M.D., evaluated Mr. Lilly. He determined that Mr. Lilly had no ratable impairment of the lumbar spine and no impairment of the right knee. Dr. Grady then performed a second evaluation and considering Mr. Lilly's right knee surgery, determined that he had 4% whole person impairment under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). On May 23, 2011, the claims administrator granted Mr. Lilly a 4% permanent partial disability award based on Dr. Grady's opinion. Robert B. Walker, M.D., then evaluated Mr. Lilly and determined that he had ratable loss of range of motion in his lumbar spine. Dr. Walker found that Mr. Lilly had 8% whole person impairment for loss of range of motion and rigidity in his lumbar spine based on the American Medical Association's *Guides* and Lumbar Category II of West Virginia Code of State Rules § 85-20-C (2006). Dr. Walker also determined that Mr. Lilly had 4% impairment for his right knee. Dr. Walker combined these two impairment ratings and found that Mr. Lilly had 12% whole person impairment related to his compensable injury. Bruce A. Guberman, M.D., also evaluated Mr. Lilly and determined that he had 4% impairment related to his knee surgery. However, Dr. Guberman found that Mr. Lilly had no loss of range of motion in his lumbar spine. Dr. Guberman also found no evidence of rigidity or radiculopathy of the lumbar spine and placed Mr. Lilly in Lumbar Category I of West Virginia Code of State Rules § 85-20-C for a 0% impairment rating. Dr. Guberman believed that Dr. Walker's range of motion measurements may have been invalid because they were taken prior to Mr. Lilly reaching his maximum degree of medical improvement. On April 10, 2013, the Office of Judges reversed the claims administrator's decision and granted Mr. Lilly a 12% permanent partial disability award. The Board of Review reversed the Order of the Office of Judges on October 7, 2013, and reinstated the claims administrator's decision, leading Mr. Lilly to appeal.

The Office of Judges concluded that Mr. Lilly was entitled to a 12% permanent partial disability award for his compensable injury. The Office of Judges determined that Mr. Lilly was entitled to an 8% permanent partial disability award for his lumbar spine in addition to the 4% award for the right knee that was granted in the claims administrator's decision. In determining Mr. Lilly's award, the Office of Judges relied on the evaluation of Dr. Walker. The Office of Judges specifically found that Dr. Walker's placement of Mr. Lilly's lumbar injury into Lumbar Category II of West Virginia Code of State Rules § 85-20-C was persuasive because it reflected that Mr. Lilly had an actual injury which resulted in a loss of range of motion. The Office of Judges also considered the opinions of Dr. Guberman and Dr. Grady. However, it did not rely on their evaluations because the Office of Judges found that Mr. Lilly suffered loss of range of motion for which Dr. Guberman's and Dr. Grady's reports did not account. The Office of Judges determined that all three evaluators agreed that Mr. Lilly had 4% impairment for his right knee under the American Medical Association's *Guides*.

The Board of Review concluded that the Office of Judges' Order was clearly wrong based on the evidence in the record, and it reinstated the claims administrator's decision to grant Mr. Lilly a 4% permanent partial disability award. The Board of Review based this decision on the evaluation of Dr. Guberman. The Board of Review determined that Dr. Walker's report was not credible because he was the only examiner who found that Mr. Lilly had impairment of the

lumbar spine and his range of motion testing was not consistent with the remaining evaluations in the record.

The decision of the Board of Review is based on a material mischaracterization of the reliability of Dr. Walker's evaluation. Mr. Lilly has presented sufficiently reliable evidence that he is entitled to an 8% permanent partial disability award for his lumbar spine in addition to the 4% award granted by the claims administrator for his right knee. Dr. Walker's evaluation shows that Mr. Lilly had 8% impairment for his lumbar spine. Dr. Walker thoroughly evaluated Mr. Lilly. He properly applied the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20-C. The Office of Judges determined that Dr. Walker's evaluation was the most reliable assessment of Mr. Lilly's whole person impairment, and it was within the Office of Judges' discretion to rely on his opinion in determining Mr. Lilly's permanent partial disability award. The Board of Review did not provide sufficient justification for reversing the Order of the Office of Judges under West Virginia Code § 23-5-12(b) (2006).

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the April 10, 2013, Order of the Office of Judges.

Reversed and Remanded.

**ISSUED:  December 2, 2014**

**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin